IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARQUEZ GREEN**                                           **PETITIONER**

**V.**                         **CIVIL ACTION NO. 3:17CV484 WHB-LRA**

**WILLIAM D. SOLLIE**                                     **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pre-trial detainee Marquez Green filed the instant petition for writ of habeas corpus relief on June 19, 2017. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

Green is a pre-trial detainee in the custody of the Lauderdale County Detention Facility in Meridian, Mississippi, who at the time of filing, was awaiting trial for murder and two counts of possession of stolen property. His petition is therefore properly considered under 28 U.S.C. § 2241.

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Petitioner claims to have been incarcerated for approximately two years without indictment in "violation of

the 270 day rule" – an apparent reference to Miss. Code. Ann. § 99-17-1, which requires a criminal trial to commence within 270 days after an arraignment.[1]

The record reflects that Petitioner was arrested on April 2, 2016, and a preliminary hearing was held on April 4, 2016. Petitioner's bond was set at $250,000.00 on the murder charge, and $50,000.00 on the possession of stolen property charges. A grand jury subsequently indicted Petitioner on all charges on August 24, 2017. A Waiver of Arraignment and Entry of Plea on Non Capital Cases, signed by Petitioner on September 8, 2017, reflects that this matter was set for trial on January 16, 2018.[2]

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to

---

[1] ECF No. 1.

[2] ECF No. 13-2 – 13-6.

bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490).  The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner:  If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings.  *Id.* at 1282.  If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial.  *Id.*  "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met."  *Id.* at 1283.

Although represented by counsel on the underlying charges, Petitioner files the instant petition, *pro se*, as his "first step" in challenging his pre-trial detention in Lauderdale County.[3]  In his prayer for relief, he requests the dismissal of all charges pending against him and the immediate release from custody.  But Petitioner does not assert, nor does the record reflect "special circumstances" which would allow this Court to consider the merits of his claims before he has been tried.  To the extent he asserts a speedy trial claim, the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson.*, 816 F.2d at 227.  Petitioner must still overcome the hurdles of exhaustion before requesting federal relief.  *Brown*, 530 F.2d at 1283.  Further, Petitioner's request for a dismissal of his criminal charges and release from custody fails to state a claim upon which 28 U.S.C. §

---

[3] ECF No. 1.

3

2241 relief may be granted. For these reasons, the undersigned recommends that the instant petition be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 30, 2018.

_s/ Linda R. Anderson_
UNITED STATES MAGISTRATE JUDGE
